148 So.2d 865 (1963)
MIDDLESEX MUTUAL FIRE INS. CO., Plaintiff-Appellant,
v.
Mrs. Edwina V. BALLARD et al., Defendants-Appellees.
No. 5708.
Court of Appeal of Louisiana, First Circuit.
January 18, 1963.
*866 Pittman & Matheny by Iddo Pittman, Jr., Hammond, for appellant.
Borron, Owen, Borron & Delahaye, by G. T. Owen, III, Baton Rouge, Edwin C. Schilling, Jr., Amite, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
ELLIS, Judge.
Plaintiff-appellant has appealed from a judgment in favor of Mrs. Edwina V. Ballard and Shelton Ballard and from a judgment in favor of the Peerless Insurance Company by the lower court sustaining in each case a motion for a summary judgment and dismissing plaintiff's suit.
Middlesex Mutual Fire Insurance Company was the collision insurer of a 1960 Rambler automobile owned by George Dees and Peerless Insurance Company had issued a policy of public liability insurance to Shelton Ballard, husband of Mrs. Edwina V. Ballard, in connection with the operation of a 1954 Chevrolet automobile owned by Shelton Ballard. On October 11, 1960, Mrs. Ballard borrowed the Dees Rambler automobile and while using it with the permission of the owner, was involved in a collision with an automobile being driven by Jesse H. Turner which resulted in damage of $834.16 to the Rambler automobile which was paid by the Middlesex Mutual Fire Insurance Company to George Dees, and was subrogated to the claim of the latter against any responsible parties. Middlesex Mutual Fire Insurance Company thereupon filed the present suit against Mr. and Mrs. Ballard, their public liability insurer, the Peerless Insurance Company, and Jesse H. Turner for reimbursement of the money which they were obliged to pay George Dees under the collision insurance policy on the 1960 Rambler automobile, based upon an allegation of concurrent negligence and carelessness of Mrs. Ballard and Turner.
The basis for the motion for summary judgment filed on behalf of the Peerless Insurance Company was the contention that the contract of liability insurance issued by Peerless in favor of Shelton Ballard disclosed the following exclusion of coverage of liability thereunder as follows:
"Part I. Liability
"Exclusions. This policy does not apply under Part 1;
* * * * * *
"(i) To injury to or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured, other than a residence or private garage."
Plaintiff-appellant answers with the contention that evidently by using the word "property" in the exclusion it refers to other objects rather than an automobile or a motor vehicle, for the reason that in the *867 other paragraphs when an automobile is referred to it is mentioned as such, and had the company intended for "section (i)" "under exclusion" to the liability coverage of the policy, to include automobiles it would have specifically stated.
We are of the opinion that this exclusion is placed in the policy under the liability coverage specifically to prevent and exclude any coverage where there is injury to or destruction of any property owned or transported by the insured or any property rented to or in charge of the insured other than a residence or private garage. This exclusion refers to all property such as an automobile owned by the insured or an automobile transported by the insured or an automobile rented to the insured or an automobile in charge of the insured. The word property we believe is intended to be all inclusive other than to a residence or private garage as specifically stated in the exclusion. If an insured desires coverage on his own automobile or such other property as may be transported, rented, or in his charge at the time of damage thereto, as a result of a collision he must pay for collision insurance.
It is to be noted that the word "property" is employed in the same Part I wherein coverage under the Peerless policy is extended to injury to or destruction of property including loss of use thereof hereinafter called "property damage." It cannot be seriously argued that the word "property" under the aforesaid coverage provisions does not extend to automobiles and indeed plaintiff Middlesex cannot assume said position without defeating its claim. Middlesex relies upon the word "property" as used in the coverage portion of Part I to extend to automobiles and therefore form the basis of its claim. On the other hand, however, they contend that the word "property" as used later in said same Part I (more particularly in (i), exclusion) does not include automobiles because it does not expressly state that it was intended to include automobiles.
It is too clear to admit of argument that the word "property" as used in the coverage portion of Part I (Liability) extends to all property including motor vehicles. We see no reason why the word "property" should not be accorded the same meaning and intent throughout the subsequent sections of Part I unless, of course, a contrary or different meaning and intent is clearly indicated. The word "property" both in the coverage portion of Part I and in the exclusions in question are intended to mean one and the same thing which, of course, would apply to automobiles and motor vehicles.
The question was res novo in Louisiana until a recent decision of the Fourth Circuit Court of Appeal in the case of General Accident Fire & Life Assurance Corporation v. Wyble, 144 So.2d 114. In this case Maryland Casualty Company had issued an automobile liability policy to Trahan and plaintiff, General Accident Fire & Life Assurance Corporation, Ltd., had issued a collision policy in favor of Trahan, both policies written on Trahan's automobile. Trahan gave permission to Wyble to drive his automobile and Wyble negligently damaged same. Plaintiff, General Accident, paid for the repair of the damaged Trahan automobile and as subrogee of Trahan brought suit against Wyble for the amount so paid. Wyble then filed a third party action against Maryland Casualty Company setting forth that she was an insured under the policy and, therefore, any judgment rendered against her should be paid by Maryland Casualty Company. This is precisely the same situation as before the Court in the instant case, with the exception that the insureds under the Peerless Insurance Company liability policy were, at the time of the accident, the named insureds. The insureds under the policy occupy the same position with respect to the policy provisions, whether they are the named insured or otherwise. The exclusion in the Wyble case is exactly as in the case at bar.
*868 The contentions made in the Wyble case are set forth by the Court as follows:
"It is Maryland's contention that, on receiving permission of Trahan, Miss Wyble became an insured under the terms of its policy subject to all the conditions, coverages and exclusions therein, more particularly exclusion `i'; that, when the accident occurred, the automobile was being driven by an insured under the terms of the policy, who was in charge of the property. Therefore, the damage done to the property (automobile) in charge of the insured is not covered.
"Contrariwise, Miss Wyble contends that the policy intends coverage of an owned automobile any time it does not meet Exclusion (g); that under Exclusion (h), a non-owned automobile is included unless expressly excluded, Exclusion (h) reading as follows:
"`To a non-owned automobile while used:
1. In the automobile business by the insured, or
2. In any other business or occupation of the insured except a private passenger automobile operated or occupied by the same insured or by his private chauffeur or domestic servant, or a trailer used therewith or within an owned automobile.'
"Further, that Exclusion (i) does not apply to an owned or non-owned automobile, but solely to other personal property of the `insured' and that to include an owned automobile in Exclusion (i) would nullify Exclusions (g) and (h), Exclusion (g) reading as follows:
"`To an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership.'"
The Court in deciding the question presented cited Arditi v. Massachusetts Bonding & Insurance Company, Mo., 315 S.W. 2d 736, Speier v. Ayling, 158 Pa.Super. 404, 45 A.2d 385, and Western States Mut. Ins. Co. v. Standard Mut. Ins. Co., 26 Ill.App.2d 378, 167 N.E.2d 833, which are discussed in the opinion and which fully support the opinion of our brethren of the Fourth Circuit that:
"The judgment against Defendant-Wyble, in the main demand, is correct and must be affirmed since her appeal has been dismissed for appeal bond deficiency. However, the judgment in favor of Miss Wyble in the Third-Party action against Maryland is erroneous, since she was Maryland's insured quoad the accident by reason of the definition of `insured' in Maryland's policy. The exclusion as to property damaged while `in charge of insured' is plain and unambiguous. Accordingly, Maryland is not the insurer of Miss Wyble as to damage to the automobile while in her care and charge at the time of the accident. There is no provision in the policy to support any contention that the word `property' means movables other than the automobile involved, as urged by Third-Party Plaintiff."
The exclusion, supra, excludes liability as to Peerless Insurance Company and the judgment of the District Court in sustaining the motion for summary judgment is correct and is hereby affirmed.
A motion for summary judgment was also filed and sustained by judgment of the District Court on behalf of Mrs. Edwina V. Ballard and Shelton Ballard upon the ground that under the terms of the policy of collision insurance issued by Middlesex Mutual Fire Insurance Company, *869 Mrs. Edwina V. Ballard would come under the category of an "insured" in that she was using the vehicle with the permission of the named insured, and therefore could not be sued by the insurer, and, accordingly, the Ballards are entitled to the judgment dismissing the suit of the Middlesex Mutual Fire Insurance Company as a matter of law.
The plaintiff-appellant, Middlesex Mutual Fire Insurance Company, bases its claim for its judgment against the Ballards upon the contention that there is no question but that the Ballards, as bailees, would have been liable to George Dees, the owner, for damages caused by negligence to the automobile. That this right was transferred by act of subrogation to the plaintiff and that when the word "insured" is referred to in paragraph 11, it means the named insured, as only the named insured would have the right to transfer this cause of action to the plaintiff. Paragraph 11 in the Middlesex policy issued to George Dees is as follows:
"Subrogation: In the event of any payment under this policy the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."
The District Judge in his concise written reasons for judgment stated:
"The motion for summary judgment on behalf of Mr. and Mrs. Ballard was based on the proposition that they are covered by the Middlesex policy as an insured according to the terms thereof and that Middlesex cannot bring an action against its own insured.
"There can be little doubt but that this contention is correct. Under the policy, any person using the insured automobile with the permission of the named insured is covered by the policy. Even though Mr. Dees would have had an action against Mr. and Mrs. Ballard if he did not have insurance, the fact that he has insurance, and the fact that the insurance covers Mrs. Ballard, denies this right of action to his insurer."
We are in accord with the ruling of the trial judge. Under the express provisions of plaintiff's policy and the fact that Mrs. Ballard was using the Dees vehicle with the permission of the latter she was an insured of plaintiff. The policy provides:
"Definitions.
* * * * * *
"`Insured' means * * * any person * * * using or having custody of said automobile with the permission of the named insured; * * *".
For the above reasons the judgment of the District Court sustaining the motion for summary judgment dismissing the plaintiff's suit against Shelton Ballard and Mrs. Edwina Ballard is affirmed. The plaintiff to pay all costs.
Affirmed.