168 So.2d 831 (1964)
Arthur P. BUCKELEW et al., Plaintiff-Appellee,
v.
Robert A. ROY, Defendant-Appellee,
HOME INDEMNITY COMPANY, Third-Party Defendant-Appellant.
No. 10269.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1964.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for third-party defendant-appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for defendant-appellee.
Jackson B. Davis, Shreveport, for plaintiff-appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This case arose out of an automobile accident in the city of Shreveport, Louisiana, occurring when a 1959 Chevrolet owned by Louis M. Planchard, driven by Robert A. *832 Roy, Jr., collided with a parked 1960 Chevrolet owned by Arthur P. Buckelew. On the day of the accident Robert A. Roy, Jr., the minor son of Robert A. Roy, resided with his father.
The Buckelew Chevrolet was insured under a collision policy, containing a $50 deductible provision, issued by South Texas Lloyds Automobile Insurance Company. There was also in force a policy issued jointly by Home Insurance Company and Home Indemnity Company to Mr. Planchard, under the terms of which the companies provided collision insurance, with a $100 deductible clause, as well as public liability and property damage insurance on his automobile herein involved.
Appellants state in their brief to this court that since Home Indemnity Company and Home Insurance Company wrote the policy jointly, those two companies, as appellants, make no point in this court as to which company carried the collision insurance and which the property damage and liability insurance. Relying upon this statement, the court will henceforth generally refer to appellants as the Home Companies.
The present action was instituted by Mr. Buckelew and his collision carrier for $800 as damages to the Buckelew Chevrolet. Consolidated both for trial and on appeal is No. 10,270, styled Home Insurance Company v. Roy, La.App., 168 So.2d 834 which was instituted by Mr. Planchard and his collision insurer, Home Insurance Company, to recover $1,058.50 for damage to the Planchard automobile.
The sole defendant in both cases is Robert A. Roy, whose responsibility is asserted under LSA-Civil Code Article 2318 based on his vicarious liability for the tortious acts of his minor son residing with him at the time of the accident. Mr. Roy contends he is insured against such liability under the policy issued to Planchard by the Home Companies. Accordingly defendant filed a third party petition seeking judgment against Home Indemnity Company for the amount of any judgment which might be rendered against him in favor of Buckelew and his collision carrier.
In consolidated case No. 10,270 defendant-appellee in his answer denied liability to Home, contending that company insured him against any liability he might otherwise have had to the company due to its loss as collision insurance carrier of Planchard; and, in addition, asked for judgment over against Home as his liability insurer for the amount of any judgment which might be rendered in favor of Planchard.
There is no dispute as to the amount of damage sustained by the two vehicles nor is there any dispute as to the negligence of Robert A. Roy, Jr. The principal issue is whether the policy of insurance issued by the Home Companies to Mr. Planchard affords coverage to Mr. Robert A. Roy for any liability which might otherwise have been imposed on him as the result of his son's negligent operation of the Planchard automobile.
In his written reasons the trial judge found Robert A. Roy, Jr., was operating the Planchard automobile with the implied permission of Louis M. Planchard, and, consequently, the policy of insurance issued to him by the Home Companies afforded coverage to defendant-appellee. Accordingly, the lower court granted judgment in favor of Buckelew and his insurer against Roy for the full amount of the claimed damage; and further granted judgment over in favor of Roy against the Home Indemnity Company for a like amount.
In consolidated case No. 10,270 judgment was rendered in favor of Mr. Planchard for $100, the deductible portion of his collision insurance, against Mr. Roy and in favor of Mr. Roy against Home Insurance Company in a like amount under the liability portion of the policy. The other demands of Home Insurance Company against Roy and Roy against Home were held to be extinguished by confusion. From judgments in accordance with this opinion appellants perfected this appeal.
*833 The pertinent provisions of the policy issued by the Home Companies are:
"Part I, Liability

* * * * * *
"The following are insureds under Part 1:
"(1) the named insured and any resident of the same household,
"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
"(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;"
Robert A. Roy, Jr., and Mr. Planchard's son, Ronald, were seniors at Byrd High School in Shreveport. On the date of the accident Robert, Ronald and their friend, Mike Risher, had planned to triple date in order to attend a dance. In making arrangements for this dance, Ronald had obtained permission of his father to use the Planchard Chevrolet. Mr. Planchard was informed that Robert, Jr., Mike Risher and their respective dates would be in the car with Ronald. On the evening in question, Ronald first drove to Robert's home and picked him up. The two of them then proceeded to the home of Ronald's girl friend and found she was not ready. Since it was late, and in order to get to the dance on time, Ronald testified he told Robert to take the car, pick up Mike Risher and the other two girls and return for Ronald and his companion. It was after Robert, Jr., had picked up the others, and was on his way back to the home of Ronald's date, the accident occurred.
At no time had either Mr. or Mrs. Planchard ever told Ronald not to let anyone else drive the family cars. Mr. Planchard testified it was against his policy for his son to allow anyone else to drive his cars; and that if his son had requested such authority, he would not have given it to him. Ronald, however, testified that since neither his father nor his mother had ever told him not to let others drive, he saw nothing wrong with permitting Robert, Jr., to drive the car. Robert, Jr., testified he had no reason to believe Mr. Planchard would object to his driving the car because Ronald had permitted him to operate it on numerous occasions. It should be pointed out, however, that Mr. Planchard had no knowledge of such prior occasions.
It is well established that in order for a second permittee to come within the omnibus coverage of an insurance policy, he is not required to have express permission from the named insured to use the automobile, but such permission may be implied from the existing facts and circumstances. See Hurdle v. State Farm Mutual Automobile Insurance Company (La.App. 2 Cir., 1961) 135 So.2d 63; Thomas v. Peerless Insurance Company (La.App. 2 Cir., 1960) 121 So.2d 593; Brooks v. Delta Fire & Casualty Company (La.App. 1 Cir., 1955) 82 So.2d 55.
The specific question to be decided in the instant case is whether Robert A. Roy, Jr., had the implied permission of Mr. Planchard to use the 1959 Chevrolet. On this question, we think the case of Touchet v. Firemen's Insurance Company of Newark, New Jersey (La.App. 1 Cir., 1964) 159 So.2d 753, is controlling. In that case the defendant had issued to Mr. Touchet a family automobile liability policy containing the usual omnibus provisions. Touchet gave his minor son permission to use the automobile for an evening of entertainment, knowing his son's friend, Lee Taylor, Jr., would accompany him. After spending the evening going to night clubs, Taylor was permitted by Touchet's son to drive the family car home and on this return trip, while Taylor was driving, the accident occurred. Taylor did not have express permission *834 from Mr. Touchet to operate the automobile, but neither had the father instructed his boy not to allow anyone else to drive. The court held that Touchet, by permitting his son to use the automobile for an evening of entertainment, with no restrictions, thereby generally turned it over to the son for the evening which carried with it implied permission for others to drive. Accordingly, Taylor was held to have been an omnibus insured. In the instant case, Mr. Planchard turned his automobile over to Ronald in order that his son and friends could attend a dance. There were no restrictions placed on his use of the automobile, except Mr. Planchard says he instructed Ronald to return home shortly after the dance. Mr. Planchard knew young Roy, Mike Risher and their dates were going along in his automobile. Thus, as in the Touchet case, the permission given to his son was not restricted but general in nature and carried with it implied permission for young Roy to drive the automobile.
We conclude the trial judge correctly found that Robert A. Roy, Jr., was operating the 1959 Chevrolet with the implied permission of Louis M. Planchard, the named insured in the policy, and, accordingly, Robert A. Roy, Jr., and defendant Robert A. Roy were insured under subsections (2) and (3) of the quoted provisions of the policy issued by the Home Companies.
Appellants additionally contend the judgment in consolidated case No. 10,270 is erroneous to the extent that it grants judgment in favor of Mr. Roy as third party plaintiff against Mr. Planchard's insurer in the sum of $100, the deductible portion of the policy. They contend the collision feature of the policy only provides the insurance company shall pay for the damage to Mr. Planchard's automobile less the first $100; that if Mr. Roy is permitted to recover that $100 from Home, the effect would be that Home is required to pay to its own insured the $100 deductible; and that this feature of the judgment is a re-writing of the policy by the court to which neither Mr. Planchard nor the insurance company has agreed.
We find no merit in this contention. In effect, Home Insurance Company is seeking credit for the $100 deductible portion of the collision provisions of the policy. Having concluded Roy is an insured under the public liability portion of the policy the Home Company is liable under the terms thereof for the full amount assessed against Roy.
For the reasons assigned the judgment appealed from is affirmed at appellant's costs.
Affirmed.