195 So.2d 692 (1967)
BOSTON INSURANCE COMPANY
v.
Floyd PENDARVIS.
No. 6865.
Court of Appeal of Louisiana, First Circuit.
January 30, 1967.
Rehearing Denied March 13, 1967.
Percy, Macmurdo & Gray, E. Drew McKinnis, of McGehee & McKinnis, Baton Rouge, for appellant.
David W. Robinson, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellee.
Before LOTTINGER, REID and SARTAIN, JJ.
REID, Judge.
Plaintiff brought this suit on a subrogation claim to recover the amount paid to its insured Frank C. Bennett, d/b/a Bennett's Pipe and Supply Company in the sum of $588.60 together with legal interest from date of judicial demand until paid, and all costs.
The accident which brought about the damage to the Bennett car happened while the car was in possession of defendant, Floyd Pendarvis, and being driven by his minor son, Kenneth Pendarvis. The facts were all stipulated and the amount of the damages was agreed upon. According to the stipulation the damage to the said automobile *693 was caused by the negligence of Kenneth Pendarvis who at the time was residing in his father's household.
The Bennett cars were insured by Boston Insurance Company under a combination general liability and comprehensive policy. Mr. Bennett loaned the automobile to Floyd Pendarvis to try out for the purpose of a possible purchase and he imposed no restriction on the use of the automobile by Pendarvis or any member of the family.
Defendant Pendarvis first filed a peremptory exception of no cause of action based upon the fact that it readily appears from the petition that Kenneth Pendarvis, the driver of the Bennett car, was an insured of the plaintiff at the time of the accident; further that an insurer cannot subrogate against an insured; also plaintiff's petition alleges that under its collision policy it is obligated to pay Bennett the amount of the collision, less the deductible, which he would not have been required to do unless the driver of the car, Kenneth Pendarvis, was using the automobile with the permission of the insured.
This exception was overruled and defendant filed an answer and third party demand against his insurer, Grain Dealers Mutual Insurance Company. In his answer he again sets up that the driver of the car was an additional insured within the meaning of the policy and plaintiff was not entitled to any subrogation. The third party petition is in the alternative that in the event a judgment was cast against him that he was entitled to judgment over and against Grain Dealers Mutual Insurance Company under their policy with him.
Grain Dealers Mutual Insurance Company filed a motion for a summary judgment based on the fact that under its policy issued to Floyd Pendarvis, covered property damage while in charge of the insured is expressly excluded. This motion for a summary judgment was overruled and the defendant Grain Dealers filed an answer to the third party petition reserving all its rights under this motion for a summary judgment.
The case was duly tried and the Trial Judge with written reasons rendered a judgment in favor of Boston Insurance Company and against defendant Floyd Pendarvis in the amount of its demand with legal interest from judicial demand until paid and all costs, and dismissed the third party demand of the defendant against Grain Dealers Mutual Insurance Company, at the defendant's cost.
Defendant Pendarvis filed an application for a new trial which was overruled and the defendant has brought this appeal to this Court.
The first question to be determined is whether or not the driver of the car was insured by plaintiff under the provisions of its policy. If it was an additional insured under the terms of the policy then the plaintiff could not subrogate its claim against its own insured. In view of this it is necessary to examine the terms of the policy itself. The policy is a group policy covering some ten automobiles owned by Frank Bennett. On the date of the issuance of the policy there was attached thereto Endorsement No. 8 which is a Physical Damage Supplement. The appellee, Boston Insurance Company, argues that since the policy in question was not a family policy, but rather a combined comprehensive general automobile liability policy that the Physical Damage Supplement Endorsement No. 8, coverage F, does not make a person using the car with the permission of the named insured an additional insured insofar as the physical property aspect is concerned. Plaintiff further urges that under condition No. 7 on the Physical Damage Supplement the policy was no benefit to a bailee.
However, this Physical Damage Supplement is a part of the original policy. There is no definition in the Physical Damage Supplement it is true, but going back to the main part to which this endorsement is attached we find under Insurance Agreements *694 No. III Definitions of Insured, the following:
"(2) * * * Under coverages A and C any person while using an owned automobile or a hired automobile or any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *." (Emphasis by the Court.)
We believe under this provision the named insured being Bennett anyone using the car with his permission which would be Pendarvis that this policy would cover, even though the car was being driven and operated at the time of the accident by Floyd Pendarvis' minor son.
There was no restriction on the permission as to use by the Pendarvis family and it appears logical that when a man is granted the use of an automobile which covers trying it out for purchase of same that the family should be impliedly granted permission to use the car under the circumstances set forth in this suit.
The law of this State is now well settled that an insurer is not entitled to subrogate against its own insured. See Buckelew v. Roy, La.App., 168 So.2d 831.
We feel that the case of Buckelew v. Roy, supra, is terminative of the issues covered in this case under the plaintiff's policy. This case holds as follows:
"(1) It is well established that in order for a second permittee to come within the omnibus coverage of an insurance policy, he is not required to have express permission from the named insured to use the automobile, but such permission may be implied from the existing facts and circumstances. See Hurdle v. State Farm Mutual Automobile Insurance Company (La.App. 2 Cir., 1961) 135 So.2d 63; Thomas v. Peerless Insurance Company (La.App. 2 Cir., 1960) 121 So.2d 593; Brooks v. Delta Fire & Casualty Company (La.App. 1 Cir., 1955) 82 So.2d 55."
In this case Buckelew, the Court held that Robert A. Roy Jr. had the implied permission of Mr. Planchard to use his 1959 Chevrolet. Mr. Planchard's son, Ronald, and Robert A. Roy Jr. were Seniors in High School and Mr. Planchard gave his son permission to use the car, but never told him not to let anyone else drive the car. Ronald Planchard agreed that he let his friend, Robert A. Roy Jr. drive the car when it was wrecked, and the Court held that Robert A. Roy Jr. was an insured under the terms of the policy. See also Touchet v. Firemen's Insurance Co. of Newark, New Jersey, La. App. 1 Cir. 1964, 159 So.2d 753.
This case is in line with Middlesex Mutual Fire Insurance Co. v. Ballard et al., 148 So.2d 865 decided by this Court. The plaintiff concedes the correctness of the Middlesex case but distinguishes it from the present case on the grounds that the Middlesex was a family policy and in this case the policy issued was a combined comprehensive and general automobile liability policy. However, Endorsement No. 8 (Physical Damage Supplement) admittedly does not contain a specific definition of "insured" but we believe that the definition of "insured" elsewhere in the policy is governing.
We, therefore, conclude that our Learned Brother below was in error in holding that the Pendarvis boy was not an insured under the terms of the Boston Insurance Company policy and thereby committed reversible error.
Since we find that plaintiff's claim against Floyd Pendarvis will have to be dismissed, it will not be necessary to take up the third party claim of Pendarvis against the Grain Dealers Mutual Insurance Company.
For the foregoing reasons it is ordered that the judgment of the Lower Court be reversed insofar as the defendant Floyd *695 Pendarvis is concerned, and the suit dismissed at plaintiff's costs. In all other respects the judgment of the Lower Court is affirmed.
Reversed in part and affirmed in part.