275 So.2d 473 (1973)
UNITED STATES FIRE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Donald BEACH, dba Beach Steel Erectors, et al., Defendants-Appellees.
No. 12037.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
Rehearing Denied March 27, 1973.
*474 Sessions, Fishman, Rosenson, Snellings & Boisfontaine by Robert E. Winn, New Orleans, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by Charles H. Heck, Monroe, for defendants-appellees.
Before AYRES, HEARD and HALL, JJ.
Rehearing Denied, En Banc March 27, 1973.
HEARD, Judge.
United States Fire Insurance Company (USFIC) paid a claim of $54,269.28 for fire loss on a policy covering a building under construction and brought this action against Donald Beach d/b/a Beach Steel Erectors and Beach and Company (Beach), a subcontractor on the job, John Talley Davis, Beach's employee, and Bituminous Casualty Company, Beach's liability insurer, alleging that the fire was caused by the negligence of Beach and his employee Davis, and that defendants were liable to USFIC as subrogee of the insureds.
Defendants answered with a general denial and asserted the defenses that Davis was a borrowed servant of Breck Construction Company, the general contractor, at the time of the fire and that defendants were co-insureds under the policy; consequently, subrogation could not be asserted against them.
Subsequently, defendants filed a motion for summary judgment based on the same defenses in their answer, namely: (1) that Davis, whose alleged negligence caused the fire, was an employee pro hac vice of Breck, plaintiff's assured, and Beach was therefore not responsible for his actions, and (2) defendants as subcontractors of Breck were, in effect, co-insureds and therefore plaintiff had no right of action against them under the holding in Louisiana Fire Insurance Company v. Royal Indemnity Company, 38 So.2d 807 (La.App. 2d Cir. 1949). The trial court, finding it unnecessary to determine whether or not Davis was a borrowed servant, sustained the motion on the ground that the defendants were co-insureds and plaintiff had no cause of action. Plaintiff appealed.
The material facts are not in dispute. Breck Construction Company was the prime contractor for construction of a Ramada Inn motel complex in Monroe, Louisiana. USFIC issued a special multi-peril policy with SMP Builders' Risk Completed Value Form attached. The named insureds on the policy were the individual owners d/b/a Ramada Inn, Breck, and Monroe Land Corporation. Beach was the steel erecting subcontractor for the project. During the course of construction, on February 19, 1968, a fire damaged one of the partially completed buildings. Payment for the loss was made to the named insureds.
The principal question before us is whether defendants were insureds, and that determination must be made from the provisions of the Builders' Risk coverage which states in part:
"This policy also covers temporary structures, materials, equipment and supplies of all kinds incident to the construction of said buildings or structures and, when not otherwise covered by insurance, builders' machinery, tools and equipment owned by the insured or similar property of others for not exceeding the amount for which the insured is liable; all while in or on the described buildings, structures *475 or temporary structures, or in the open (including within vehicles) on the described premises or within 100 feet thereof."
In Louisiana Fire, supra, this court interpreted a builders' risk provision stating:
"This policy also covers items of labor, materials, equipment, supplies, forms and temporary structures of all kinds to be used in the construction of said building, and (when not otherwise insured, and provided that values of same are included in the amount of insurance carried under this policy) builders' machinery, tools and equipment; all while forming a part of or contained in said building or temporary structures or while in cars on switches or side tracks on premises described, or within 100 feet of building described in this policy, or while in the open on premises described, or when adjacent thereto while on sidewalks, streets or alleys."
[38 So.2d 807, 808]
While this language did not specifically cover the property of those other than the named insured, Louisiana Fire held, because of the evident intent of the parties shown by the policy language used and custom in the building trade, the builders' risk endorsement was a type of omnibus clause having the effect of making the issuing company an insurer of subcontractors and builders to the extent their labor, materials, builders' machinery, tools, etc., were brought into the building for construction purposes. Citing Glens Falls Insurance Company v. Globe Indemnity, 214 La. 467, 38 So.2d 139 (1948), it went on to say the insurer thus had no right of action against a co-insured of the subrogor, even though the fire loss may have been caused by negligence of the co-insured, provided there is no design or fraud on the part of defendant. Plaintiff now calls upon us to find the Louisiana Fire case inapplicable, or, finding it applicable, to overrule it. We find, however, as did the trial court, the case is dispositive of the issue before us.
From reading the court's exhaustive discussion of the interpretation to be given the builders' risk clause in Louisiana Fire, we find the ratio decidendi therein was based upon this interpretation and not upon any theory of estoppel as USFIC claims. Here, Beach is thus a co-insured of Breck under plaintiff's policy to the extent of its materials and tools, etc., on the construction premises.
A recent federal case, Transamerica Insurance Co. v. Gage Plumbing and Heating Company, 433 F.2d 1051 (10th Cir. 1970), involving a factual situation and builders' risk clause almost identical to those in the instant case, cited the interpretation of the clause in Louisiana Fire with approval. In discussing the new language of the builders' risk endorsement allegedly inserted to overcome the result in Louisiana Fire by specifically excluding a subcontractor not named in the policy,[1] the court found, because of the general coverage provided, the result contended was not accomplished. Any intent to do so should have been in clear language, and any ambiguities were to be construed against the insurer. The reasoning and construction applied to the policies in these cases are applicable to the instant case and a similar conclusion follows.
While there were actual losses suffered by the subcontractor in each of the above cases and none shown in the instant case, *476 we agree with the trial judge that one is an insured in such cases regardless of whether any loss is experienced, and the status of co-insured exists and continues to do so regardless of whose employee might cause the fire.
The judgment of the trial court sustaining the motion for summary judgment is therefore affirmed at appellant's cost.
NOTES
[1] The endorsement read as follows:

"This policy also covers temporary structures, materials, equipment and supplies of all kinds incident to the construction of said building or structure and, when not otherwise covered by insurance, builders' machinery, tools and equipment owned by the Insured or similar property of others for which the Insured is legally liable, all forming a part of or contained in said building or structure, temporary structures, or on vehicles, or in the open; only while on the premises described or within 100 feet thereof."