316 So.2d 185 (1975)
STATE FARM FIRE & CASUALTY COMPANY et al., Plaintiffs-Appellants,
v.
SENTRY INDEMNITY COMPANY et al., Defendants-Appellees.
No. 5013.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1975.
*187 Stockwell, St. Dizier, Sievert & Viccellio by Fred H. Sievert, Jr., Lake Charles, for plaintiffs-appellants.
Voorhies & Labbe by W. Gerald Gaudet, Lafayette, for defendants-appellees.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiffs State Farm Fire and Casualty Company, Central Mutual Insurance Company, and Hanover Insurance Company, appeal the judgment sustaining defendants Reverend and Mrs. Lawrence Baylot's and their liability insurer Sentry Indemnity Company's motion for summary judgment. We affirm in part, and in part, reverse and remand.
The three plaintiff insurance companies issued policies to the First Baptist Church of Jennings for fire and extended coverage on all church property including the pastorium, the home furnished the pastor's family. Central Mutual covered 60% of the risk while State Farm and Hanover shared the remaining 40% equally. Central Mutual provided liability coverage to the First Baptist Church for 100% of that risk, in addition to its 60% of the fire and extended coverage.
The Church provided the pastorium as part of Rev. Baylot's compensation for his services as pastor.
Rev. Baylot purchased insurance from Sentry covering his furniture and personal effects for the risk of loss or damage by fire and windstorm. The policy also provided $25,000 public liability coverage.
On March 3, 1973, the pastorium sustained damages of $25,101.44 resulting from a fire. Plaintiffs paid the loss to the named insured, First Baptist Church of Jennings, then filed this subrogation suit against Rev. and Mrs. Baylot and their liability insurer, Sentry. They allege Mrs. Baylot negligently caused the fire by leaving the pastorium without turning off the fire under a pot containing grease. Rev. Baylot was sued as being vicariously liable for his wife's negligence and Sentry was sued as liability insurer of both.
Sentry paid its policy limits to the Baylots covering a part of their loss of furniture and personal effects.
Defendants moved for summary judgment dismissing plaintiffs' suit contending plaintiffs could not be subrogated because the Baylots were co-insureds with the First Baptist Church of Jennings, the named insured in all three of plaintiffs' policies. The trial court held Rev. and Mrs. Baylot to be insureds under both the fire and extended coverage section and the liability section of each plaintiff's policy.
Summary judgment procedures are not a substitute for trial. Summary judgment may not be rendered unless pleadings, depositions, affidavits, and like evidence show there is no genuine issue as to a material fact, and mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Metoyer v. Aetna Insurance Company, 278 So.2d 847 (La.App. 3 Cir. 1973).
*188 Defendants introduced the three plaintiffs' insurance policies in an attempt to use their policy provisions to establish the Baylots were co-insureds and thus defeat the subrogation claim. The State Farm policy in evidence has an effective date beginning June 1, 1973, and was not in force as of the March 3rd fire. Since the policy was not in effect, defendants cannot use the provisions of that policy to defeat State Farm's claim. We will not speculate as to the provisions of State Farm's policy in effect on the day of the fire. Central Mutual's and Hanover's policies were in effect on the day of the fire.
Defendants contend that since State Farm's policy is not before us, State Farm has no interest in the suit because there is no evidence to show they have a claim. This appeal is before us on summary judgment and not after trial on the merits. State Farm alleged they paid their portion of the claim and were subrogated to the rights of First Baptist Church of Jennings. There is no affidavit stating that State Farm did not pay the loss and become subrogated to the claim. State Farm is not required to introduce its policy when other evidence may be introduced at trial which may be sufficient to prove their subrogation. Allen v. Baucum, 218 So.2d 662 (La.App. 4 Cir. 1969); Travelers Fire Insurance Company v. Savoy, 82 So.2d 68 (La.App. 1 Cir. 1955); Automobile Insurance Company of Hartford, Conn. v. Barnard, 30 So.2d 142 (La.App. 2 Cir. 1947). There is a genuine issue of material fact concerning State Farm's subrogation rights and therefore summary judgment dismissing State Farm's action must be reversed and set aside.

"Fire and Extended Coverage" Section
An insurer which has paid a claim and taken subrogation has no right of action against a co-insured of the subrogor for fire loss caused by negligence of the co-insured, absent design or fraud on the part of the co-insured. Louisiana Fire Insurance Company v. Royal, 38 So.2d 807 (La.App. 2 Cir. 1949); United States Fire Insurance Company v. Beach, 275 So.2d 473 (La.App. 2 Cir. 1973). See also: Middlesex Mutual Fire Insurance Company v. Ballard, 148 So.2d 865 (La.App. 1 Cir. 1963); Boston Insurance Company v. Pendarvis, 195 So.2d 692 (La.App. 1 Cir. 1967); and Ussery v. Hanover Insurance Company, 222 So.2d 535 (La.App. 2 Cir. 1969).
The policy language is crucial to the decision of this case. Pertinent here is the language in Central Mutual's policy under the broad heading "Extensions of Coverage." Paragraph A.3 provides:
This policy is extended to provide additional coverage as follows:
* * * * * *
Personal Property to personal effects while located on the described premises, belonging to the insured, officers, partners or employees thereof, and limited to $500 on personal effects owned by any one individual. This Extension of Coverage does not apply if the loss is covered by any other insurance, whether collectible or not, or which would have been covered by such other insurance in the absence of this policy. An option of the Company loss under this Extension of Coverage may be adjusted with and payable to the insured.
(Emphasis added.)
Hanover's policy contains substantially the same provision.
Officers, partners, or employees are not specifically defined as "named insured" or "insured" in the policies. Nevertheless, we agree with the trial court's finding that there is no doubt the parties to the insurance contracts intended to give up to $500 coverage to Rev. Baylot for his personal property located on the insured premises. In effect, the Extension of Coverage provision is a type of omnibus clause having the effect of making Central Mutual *189 and Hanover insurers of the Church's officers, partners, or employees for their personal effects located on the insured premises up to $500 for each individual. Louisiana Fire Insurance Company v. Royal, 38 So.2d 807 (La.App. 2 Cir. 1949); United States Fire Insurance Company v. Beach, 275 So.2d 473 (La.App. 2 Cir. 1973).
The unchallenged affidavit and deposition of Rev. Baylot establishes he is an "employee" of the First Baptist Church of Jennings and that he had personal effects on the insured premises. Additionally, Rev. Baylot filed a $500 claim under the Extension of Coverage provisions of plaintiffs' policies.
Plaintiffs contend the Baylots cannot be considered "insureds" under the Extension of Coverage provision because they had other insurance (with Sentry) which paid their loss. Plaintiffs rely on the policy language stating "this Extension of Coverage does not apply if the loss is covered by any other insurance . . ."
In United States Fire Insurance Company v. Beach, supra, the court found the sub-contractor under a builder's risk policy (a type of omnibus clause) to be co-insured under the policy even though no loss was sustained. Subrogation was therefore denied.
Using this rationale, the "other insurance" clause of Central Mutual's and Hanover's policies may prevent recovery by an officer, partner, or employee under the Extension of Coverage provision, but it does not destroy his status as an insured. As such, he is co-insured with subrogor First Baptist Church of Jennings and the summary judgment dismissing the subrogation claims of Central Mutual and Hanover against Rev. Baylot was properly sustained. There are no genuine issues of material fact as to Central Mutual's and Hanover's claims against him.
We now consider the status of Mrs. Baylot. It has not been established that she is an officer, partner, or employee of the insured. Defendants contend she is co-insured because she owns half the community of acquets and gains existing between the Baylots. This does not make her a co-insured.
Central Mutual's and Hanover's policies provide "omnibus" type coverage limited to officers, partners, or employees of the named insured. Mrs. Baylot's status as an insured (and therefore a co-insured) is determined by the policy provisions. No affidavits, depositions, or other evidence were introduced to establish her status as an officer, partner, or employee of First Baptist Church of Jennings. Since there is a genuine issue of material fact concerning that issue, summary judgment dismissing Central Mutual's and Hanover's subrogation claims against her is reversed and set aside.
Mrs. Baylot is a "named insured" under Sentry's liability coverage. Therefore, the summary judgment dismissing Central Mutual's and Hanover's subrogation claims against Sentry is reversed and set aside.

"Liability" Section
The trial court's holding that the Baylots were "co-insureds" with subrogor First Baptist Church of Jennings under the liability provisions of State Farm's and Hanover's policies is erroneous. State Farm's policy for the relevant period is not in the record. Hanover did not provide liability coverage. Only Central Mutual's policy contained liability coverage provisions.
Central Mutual's policy under the major heading "Section II Liability Coverage" and sub-heading "II. Persons Insured" provides:
Each of the following is an insured under this insurance to the extent set forth below:
* * * * * *
(c) if the named insured is designated in the Declarations as other than an individual, *190 partnership or joint venture, the organization so designated and any executive officer, member of the board of trustees, directors or governors or stockholders thereof while acting within the scope of his duties as such. (Emphasis added.)
Defendants cite Middlesex Mutual Fire Insurance Company v. Ballard, 148 So.2d 865 (La.App. 1 Cir. 1963); Boston Insurance Company v. Pendarvis, 195 So.2d 692 (La.App. 1 Cir. 1967); and Ussery v. Hanover Insurance Company, 222 So.2d 535 (La.App. 2 Cir. 1969). (We note these cases interpret automobile insurance policies and not fire protection policies.) Defendants contend that where an individual is an insured under the liability section of a policy he is also considered, for purposes of maintaining a subrogation against him, an insured under the fire and extended coverage section of the policy under which payment was made. Defendants then argue that there can be no subrogation against an individual who is an insured under one section of a policy, even where payment was made under terms of another section.
On this premise defendants argue that although the actual risks encountered for which payment was made came under the Fire and Extended Coverage provisions of the policy, if Rev. and Mrs. Baylot are "insureds" under the liability section, then Central Mutual's subrogation claim is defeated.
We don't reach this argument. Having found Rev. Baylot an "insured" under the Fire and Extended Coverage provision, it is not necessary to now consider whether he is an "insured" under the liability section. As to Mrs. Baylot and Sentry, her liability insurer, summary judgment is not proper because there is a genuine issue as to material fact. No evidence or affidavit was introduced to show Mrs. Baylot was an "executive officer, member of the board of trustees, directors, or governors or a stockholder" acting within the scope of her duties.

Indispensable Party
In the trial court, defendants filed the exception of Nonjoinder of an Indispensable Party, contending the First Baptist Church was indispensable to this litigation. This issue was not reached by the trial court, but has been argued on appeal.
Both Hanover's and Central Mutual's policies of insurance contain a mandatory $100 deductible. Defendants contend, and we agree, that First Baptist Church of Jennings subrogated only a portion of their claim to plaintiffs. The Church maintained its right to claim the $100 deductible.
The standard fire policy (LSA-R.S. 22:691) contains this provision:

SubrogationThis Company may require from the insured an assignment of all rights of recovery against any party for loss to the extent that payment thereof is made by this Company.
Central Mutual's policy contained this provision. A similar provision appears in Hanover's policy, although in such fine print that it is difficult to read with a magnifying glass. State Farm's policy is not before the court.
LSA-C.C.P. art. 697 provides:
An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
(1) The subrogor and the subrogee, when the subrogation is partial; or
(2) The subrogee, when the entire right is subrogated.
Defendants contend that since the subrogation is partial, subrogor (First Baptist Church of Jennings) is an indispensable party, and cite Federal Insurance *191 Company v. Insurance Company of North America, 252 So.2d 184 (La.App. 3 Cir. 1971). It was there held that the subrogor in a partial subrogation is an indispensable party. The Supreme Court reversed that decision on other grounds (262 La. 509, 263 So.2d 871, 1972). We find defendants' argument, and the holding in Federal, to be in conflict with Official Revision Comment (c) under LSA-C.C.P. art. 697 which states:
A failure to comply with this article produces different results, depending on the circumstances. If there has been a total subrogation and the suit is brought in the name of the subrogor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiffthe subrogee. If there has been a partial subrogation, and the suit is brought only by the subrogor or the subrogee, there is a nonjoinder of a necessary party. See Art. 642, supra. If the defendant fails to object timely to the nonjoinder of a necessary party, in a case of partial subrogation, the objection is waived and the court may make an adjudication. But if, in such a case, the partial subrogation is proven, the plaintiff may recover only his interest in the partially subrogated claim. (Emphasis added.)
See also: Mount Beacon Insurance v. Mills, 205 So.2d 144 (La.App. 2 Cir. 1967). We specifically overrule the holding in Federal Insurance Company v. Insurance Company of North America, 252 So.2d 184 (La.App. 3 Cir. 1971) that subrogor in a partial subrogation is an indispensable party.
Since nonjoinder of a necessary party is a dilatory exception (LSA-C.C.P. art. 926) it is waived if not pled prior to answer or judgment by default. LSA-C.C.P. art. 928. Defendants filed answer on March 21, 1974, and didn't file their exception of nonjoinder until December 24, 1974. The exception came too late.
We affirm the summary judgment dismissing Central Mutual's and Hanover's claims against Reverend Baylot. That portion of the summary judgment dismissing Central Mutual's and Hanover's subrogation suits against Mrs. Baylot and Sentry is reversed and set aside. That portion of the summary judgment dismissing State Farm's subrogation suit against Reverend and Mrs. Baylot and Sentry is reversed and set aside. The case is remanded for trial, except as to Central Mutual's and Hanover's claims against Reverend Baylot. Costs of this appeal are assessed half to plaintiffs and half to defendants.
Affirmed in part; in part, reversed and rendered.