HEARD, Judge.
Industrial Risk Insurers (IRI) paid a claim of $54,084.90 for fire loss on a policy covering a building under construction and brought this action against Aneo Insulation, Inc. and Kraft Electric, Inc., alleging that the fire was caused by the negligence of Anco and/or Kraft and that defendants were liable to IRI as subrogee of the insured Olinkraft, Inc. Olinkraft joined its claim for $25,000 representing the deductible amount on the policy.
Anco and Kraft filed motions for summary judgment. The construction contracts and insurance policy were stipulated.
*1302 In well reasoned and written reasons for judgment, the trial judge sustained the motions for summary judgment and rendered judgment dismissing Olinkraft and its insurer's demands against Anco and Kraft. Plaintiffs appeal and we affirm.
The trial court held:
(1) The insurance policy covered the interest of the contractors in the materials and equipment to be used in construction on the premises and, therefore, the contractors were co-insureds with Olinkraft under the policy. Under the decision of the Second Circuit in United States Fire Insurance Co. v. Beach, 275 So.2d 473 (La.App. 2d Cir. 1973) and the Third Circuit in State Farm Fire & Casualty v. Sentry Indemnity Company, 316 So.2d 185 (La.App. 3d Cir. 1975), an insurer has no cause of action against a co-insured as subrogor of the named insured. Thus, IRI has no cause of action against Anco and Kraft, and
(2) Under Article 16 of the construction contracts Olinkraft obligated itself to insure against this type of loss. Therefore, Olin-kraft, by contracting with its insurer for a $25,000 deductible, cannot avoid this obligation to the contractors and sue them for the amount of the deductible.
On appeal plaintiffs initially attack the rule of the .Beach case as not representing the majority rule, citing cases from federal courts and the courts of other states. This argument is unpersuasive. We find the Beach decision entirely sound and correct and controlling on this issue.
Plaintiffs’ second argument is that the defendants are not insureds in this case as the policy in Beach contained different coverage and therefore that rule is inapplicable. In the contracts between Olinkraft and both original defendants, the following language is found in Article 16:
(a) The Owner shall maintain at his expense insurance against accidental direct loss or damage, other than that resulting from war or radioactivity, to the materials, equipment, and other items intended to become a permanent part of the facilities under construction, including coverage of such property while in transit to or from the job site. Such insurance will cover the interest of the Owner, the Contractor and each Subcontractor. Monthly reports of construction values, in a form satisfactory to the Owner, will be made to the Owner.
The policy of applicable insurance issued by Industrial Risk contains the following pertinent language:
3. Wherever in this policy the term “insured’s liability” is used, it shall mean:
(1) liability imposed by law upon the insured, or
(2) liability assumed by the insured under agreement prior to loss, for direct loss by any peril insured against by this policy.
* * * * * *
A. IP THIS POLICY COVERS REAL PROPERTY, IT SHALL COVER:
1. New buildings and structures on the described premises while in the course of construction and when completed; additions, extensions, alterations and repairs, to buildings and structures covered hereunder, including
a. all fixtures, equipment, machinery and apparatus which pertain to the use and service of such buildings, structures, additions and extensions and which will constitute a permanent part of same; and
b. materials and supplies intended for use in construction, alteration or repair of such buildings, structures, additions and extensions; while on the described premises or in the open on land within 500 feet of the described premises or while in or on vehicles which are in the open on land within 500 feet of the described premises.
2. Contractors’ interest in property covered under 1 above to the extent of the Insured’s liability therefor.
In Beach the subcontractor was found to be an insured because his tools, machinery, material and equipment were covered under the builder’s risk policy. In Beach the policy provided coverage for the following:
*1303 This policy also covers temporary structures, materials, equipment and supplies of all kinds incident to the construction of said building or structures and when not otherwise covered by insurance builders’ machinery, tools and equipment owned by the insured or similar property of others.

Appellants argue that because the words “or similar property of others” are absent from the policy now under consideration, the Beach ease is inapplicable. We find that these differences are not significant and do not render the Beach case inapplicable.
It is clear, as the trial judge found, that the contractors’ (Kraft and Anco) interests were to be protected under the policy to the extent that Olinkraft (insured) had contractually agreed to do so under Article 16 of the contracts. “Insured’s liability” is defined in the policy as: “. . . (2) liability assumed by the insured under agreement prior to loss, for direct loss by any peril insured against by this policy.” This was the liability assumed by Olinkraft under Article 16 of the contracts. We find that Kraft and Anco are “insureds” under the policy.
In State Farm Fire & Casualty Co. v. Sentry Indemnity Company, supra, is found the following language:
An insurer which has paid a claim and taken subrogation has no right of action against a co-insured of the subrogor for fire loss caused by negligence of the co-insured, absent design or fraud on the part of the co-insured.
Therefore, since Kraft and Anco are co-insureds with Olinkraft, insurer has no right of action against them absent design or fraud on the part of one of the co-insureds. There is no allegation whatsoever in plaintiffs’ petition concerning design or fraud.
Olinkraft contends that since the insurance required by Article 16 of the contracts was to cover materials “intended” to become a part of the facilities under construction, it did not cover materials which had already become part of the construction. We find no merit to this contention which is a strained interpretation of the clause of the contracts.
Plaintiffs further contend that there are facts to be determined at a trial on the merits and that summary judgment is not proper. This argument relates to the facts concerning whether the materials had already gone into the construction and the type of property which was destroyed, which facts are not material to a decision of the case.
The judgment of the trial court is affirmed at appellants’ cost.