993 So.2d 236 (2008)
SHELTER MUTUAL INSURANCE COMPANY
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2007 CA 0163.
Court of Appeal of Louisiana, First Circuit.
July 18, 2008.
*237 Brent E. Kinchen, Valerie Briggs Bargas, Baton Rouge, Louisiana, for Plaintiff/Appellant, Shelter Mutual Insurance Company.
Glen Scott Love, Baton Rouge, Louisiana, for Defendant/Appellee, State Farm Automobile Insurance Company.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
This is an appeal from a summary judgment in favor of State Farm Mutual Automobile Insurance Company dismissing Shelter Mutual Insurance Company's claim for reimbursement, indemnification, and contribution. We reverse and render in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
On November 13, 2004, Ashley Whitaker loaned her 1997 Honda Accord EX to Karen Gerac. While operating Whitaker's vehicle, Gerac rear-ended a vehicle owned and operated by Rhonda Grace. The accident was caused solely by the fault and negligence of Gerac. Whitaker's vehicle was insured under a policy issued by Shelter Mutual Insurance Company ("Shelter"). Gerac was insured under a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"). As a result of the November 13, 2004 accident, Shelter paid Grace $871.35 for damages to her vehicle. Shelter also paid $3002.86 for damages to Whitaker's vehicle.
Shelter filed suit against State Farm seeking reimbursement for the $871.35 paid under its liability policy and for State Farm's pro rata share of the $3002.86 paid under Shelter's collision policy. Both Shelter and State Farm filed motions for summary judgment. Summary judgment was ultimately granted in favor of State Farm and against Shelter, and Shelter's claims against State Farm were dismissed with prejudice. It is from this judgment that Shelter appeals.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary *238 judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Madden v. Bourgeois, 95-2354 (La.App. 1 Cir. 6/28/96), 676 So.2d 790. The facts of this case are not in dispute; the only issue is the allocation of financial responsibility considering the "other insurance" provisions contained in the two policies.
Louisiana law provides that "[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La. R.S. 22:654. An insurance policy is a contract between the parties and should be construed in accordance with the general rules and interpretation of contracts as set forth in the Louisiana Civil Code. Louisiana Insurance Guaranty Association v. Interstate Fire and Casualty Company, 630 So.2d 759 (La.1994).
The role of the judiciary in interpreting insurance contracts is to determine the parties' common intent in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. Id.; La. C.C. art. 2047. When a policy provision is clear and expresses the parties' intent unambiguously, the insurance contract must be enforced as written. Cadwallader v. Allstate Insurance Company, 848 So.2d 577, 580 (La. 2003). A court has no authority to alter the terms of an insurance contract under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. Id.
Under Part I of Shelter's policy, which pertains to automobile liability coverage, there is a section entitled "Other Insurance" which states:
If there is other insurance which covers the insured's liability with respect to a claim also covered by this policy, coverages A and B of this policy will apply only as excess to other insurance.
In a separate section of Part I of the Shelter policy is a definition of "insured," which applies to both bodily injury liability and property damage liability:
As used in this part, insured means:
(5) any individual who has expressed or implied permission or expressed or implied general consent to use the described auto. However, the limits of our liability for individuals who become insureds solely because of this subparagraph, will be the minimum limits of liability insurance coverage specified by the financial responsibility law applicable to the accident, regardless of the limits stated in the Declarations.
Thus, Gerac was an insured under Shelter's party. The parties have stipulated that State Farm had a policy of *239 insurance which extended liability coverage to Gerac on the day of the accident. Therefore, under the "Other Insurance" provision in Shelter's policy, Shelter's policy is only excess to the State Farm policy.
However, State Farm's policy has the following provision:
If there is other liability coverage:
3. Temporary substitute car, non-owned car, trailer: Subject to items 1 and 2, if ... a non-owned car ...:
a. has other liability coverage on it...
then this coverage is excess over such insurance or self-insurance.
Under the State Farm policy, "non-owned vehicle" is defined as a car not owned by, registered to or leased to the insured or his/her spouse, any relative, any other person residing in the same house or an employer of insured or his/her spouse or relative. Ms. Whitaker was not alleged to fall within any of these categories; therefore her vehicle was a "non-owned vehicle" under the State Farm policy, and, under the terms of the State Farm policy, coverage would be excess to the Shelter policy.
In cases where both policies contain "other insurance" provisions, they are mutually repugnant and have the effect of canceling each other out. Under these circumstances, the provisions are not enforced and each insurer is held liable in proportion to the limit of its respective policy. Blanchard v. Rodrigue, 340 So.2d 1001 (La.App. 1 Cir. 9/20/76). The Shelter policy provides that the liability policy limits for a permissive use driver are "the minimum limits of liability insurance coverage specified by the financial responsibility law applicable to the accident, regardless of the limits stated in the Declarations." Thus, under this provision, the policy limit for property damage under the Shelter liability policy is $10,000.00. The State Farm liability policy provides for a limit of $10,000.00 for property damage. Thus, State Farm is liable to Shelter for fifty percent of the $871.35 paid for property damage to Grace's vehicle.
Regarding the damage to Whitaker's own vehicle, Shelter paid $3002.86 pursuant to "Part VAuto Physical Damage, Coverage FCollision" of its policy, which provides:
Subject to your deductible amount and the limit of our liability stated in this Coverage, we will pay you the direct loss resulting from damage to the described auto and caused by:
(1) accidental collision between the described auto and another object ....
However, Part V of the policy also has an "Other Insurance" clause:
If there is other insurance which covers a loss to the described auto covered by Coverages F, G, and J of this policy, we will not be liable for a greater part of the loss than the limit of liability of this policy bears to the total limit of liability of all applicable insurance.
The trial court denied Shelter's motion for summary judgment on this amount, even though the damage to the Whitaker vehicle is also covered under the provisions of State Farm's policy. Physical damage to a non-owned vehicle is covered under State Farm's collision coverage:
We will pay for loss to your car caused by collision but only for the amount of each such loss in excess of the deductible amount.
....
The coverages in this section you have on your car extend to a loss to a ... non-owned car. These coverages extend to a non-owned car when it is driven by or in the custody of an insured.
*240 However, the physical damage provisions of the State Farm policy also has an "other insurance" clause which provides that if the non-owned car has other coverage on it, State Farm's collision coverage is excess.
Shelter is seeking to recover from State Farm damages it paid under Coverage F for the damage to Whitaker's vehicle. As State Farm's collision coverage is excess, Shelter can only seek recovery from the liability coverage of Gerac's policy with State Farm. It is well settled that an insurer cannot be subrogated against its own insured; thus, an insurer cannot seek recovery from an omnibus insured for amounts paid under its policy. See, Boston Insurance Co. v. Pendarvis, 195 So.2d 692 (La.App. 1 Cir. 1/30/67), Middlesex Mutual Fire Ins. Co. v. Ballard, 148 So.2d 865 (La.App. 1 Cir. 1/18/63). Under the definition of "insured" contained in the liability, auto medical payment, and uninsured motorist provisions, Gerac is an insured. Gerac is not an insured under the definition given in the auto accidental death benefit provisions. Although the auto physical damage provisions make several references to an "insured," this part contains no definition for "insured." Furthermore, the definition of "insured" given in the general definitions for the entire policy is simply "the person defined as an insured in, or with reference to, the specific coverage or endorsement under which coverage is sought." Because the auto physical damage provisions contain no definition and thus are ambiguous regarding who is an insured, and because Gerac is an insured under the policy's liability provisions, we do not believe that Shelter can seek reimbursement from Gerac, through State Farm's liability provisions, for these payments. Summary judgment in favor of State Farm was appropriate on this claim.

DECREE
The judgment of the trial court is reversed insofar as it denied Shelter's motion for summary judgment on the amount paid under its liability provisions for the damage to Grace's vehicle. We render judgment in favor of Shelter and against State Farm on that claim for $435.67. The judgment of the trial court is affirmed insofar as it denied Shelter's motion for summary judgment on the amount paid under its auto physical damage provisions. Costs of this appeal are to be borne equally by the parties.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART.