957 So.2d 127 (2007)
Edna J. HUGGINS
v.
GERRY LANE ENTERPRISES, INC. and ABC Insurance Company.
Nos. 2006-C-2816, 2006-C-2843.
Supreme Court of Louisiana.
May 22, 2007.
TRAYLOR, Justice.
We granted this writ application in order to determine whether a commercial umbrella liability policy issued by RLI Insurance Company (RLI) provides primary insurance coverage in the instant case. *128 For the reasons which follow, we find that the policy does not provide primary coverage and affirm the decisions of the courts below.

FACTS and PROCEDURAL HISTORY
On September 9, 1999, the plaintiff, Edna Huggins (Huggins) allegedly tripped, fell, and was injured on the premises of Gerry Lane Enterprises, Inc. (Gerry Lane) in Baton Rouge, Louisiana. She filed suit on September 11, 2000.
Gerry Lane's liability insurer, Reliance Insurance Company (Reliance), was declared insolvent on October 3, 2001. The Louisiana Insurance Guaranty Association (LIGA), as the successor in the payment of claims covered by Reliance policies, assumed the defense of Gerry Lane in the matter.[1]
In October of 2003, the Second Circuit Court of Appeal issued an opinion in the case of Freeman v. Philan, 37,685 (La. App. 2nd Cir.10/9/03), 859 So.2d 821, writ denied, 685 So.2d 723, 728, 735. In the opinion, the court of appeal held that an RLI commercial umbrella policy which was identical to the policy at issue here provided primary coverage in place of a Reliance policy, and that the RLI policy provided primary coverage before the statutory coverage provided by LIGA.
Relying upon the Freeman decision, Gerry Lane and LIGA filed third party demands against RLI, and Huggins subsequently amended her petition to add both RLI and LIGA as defendants. Thereafter, RLI, on the one hand, and Gerry Lane and LIGA, on the other, filed opposing motions for summary judgment seeking a determination of which policy provided primary coverage in the matter.
On July 29, 2005, the trial court granted the motion for summary judgment filed by RLI, denied the motion filed by Gerry Lane and LIGA, and dismissed the claim against RLI. The court of appeal affirmed the decision of the trial court.[2]
The merits of Huggin's claims have not yet been decided and are not before this Court.

STANDARD OF REVIEW
The law applicable to review of a grant or denial of a motion for summary judgment, and to the proper interpretation of an insurance policy, was recently discussed in Bonin v. Westport Ins. Corp., 2005-886 (La.5/1/06), 930 So.2d 906. In Bonin, we stated:
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This court reviews a grant or denial of a motion for summary judgment de novo, Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Thus, this court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Robinson v. *129 Heard, 01-1697, pp. 3-4 (La.2/26/02), 809 So.2d 943, 945.
Interpretation of an insurance policy usually involves a legal question which can be resolved properly in the framework of a motion for summary judgment. Robinson, 01-1697 at p. 4, 809 So.2d at 945. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. La. C.C. art.2045; Louisiana Ins. Guar. Ass'n, 93-0911 at p. 5, 630 So.2d at 763; Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991). Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art.2047; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carbon v. Allstate Ins. Co., 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Carrier v. Reliance Ins. Co., 99-2573, pp. 11-12 (La.4/11/00), 759 So.2d 37, 43 (quoting Louisiana Ins. Guar. Ass'n, 93-0911 at p. 5, 630 So.2d at 763). Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer's liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes. Carbon, 97-3085 at p. 5, 719 So.2d at 440; Louisiana Ins. Guar. Ass'n, 93-0911 at p. 6, 630 So.2d at 763.
If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. Louisiana Ins. Guar. Ass'n, 93-0911 at p. 6, 630 So.2d at 764; Garcia, 576 So.2d at 976. That strict construction principle, however, is subject to exceptions. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. For the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44.
Bonin, 05-0886 at p. 4-6, 930 So.2d at 910-911.

DISCUSSION
The following facts are undisputed: (1) RLI issued Policy No. OUL 0029704 to Gerry Lane providing Commercial Umbrella Liability Insurance on the date of the occurrence that is the subject of this suit, (2) Under the RLI policy, Reliance *130 provided scheduled underlying insurance with applicable limits of liability of $1,000,000, (3) Reliance was declared insolvent on October 3, 2001, (4) The declaration of Reliance's insolvency triggered the provisions of the LIGA Law, La. R.S. 22:1375-1394, which are now applicable to Huggin's claims, and (5) The value of Huggin's claim is less than $1,000,000.
The pertinent parts of the RLI policy read as follows:
II. Limits of Liability
A. . . . we shall only be liable for the ultimate net loss in excess of:
1. the applicable limits of scheduled underlying insurance stated in Item 5. of the Declarations, for occurrences covered by scheduled underlying insurance, plus the limits of any unscheduled underlying insurance which also provides coverage for such occurrences; or
2. the unscheduled underlying insurance or the retained limit, whichever is greater, for occurrences covered by unscheduled underlying insurance and by this policy only; or
3. the retained limit, for occurrences covered by this policy only.
* * *
VII. CONDITIONS
* * *
H. Financial Impairment
Bankruptcy, rehabilitation, receivership, liquidation or other financial impairment of the insured or any underlying insurer shall neither relieve nor increase any of out[our] obligations under this policy. In the event that there is diminished recovery or no recovery available to the insured as a result of such financial impairment of any insurer providing scheduled underlying insurance or unscheduled underlying insurance, the coverage under this policy shall apply on in excess of the limits of liability stated in the scheduled underlying insurance or unscheduled underlying insurance. Under no circumstances shall we be required to drop down and replace the limits of liability of a financially impaired insurer. Nor shall we assume any other obligations of a financially impaired insurer.
As we stated earlier, two separate courts of appeal have examined the above policy language and have reached opposing results. In Freeman, as in the instant case, the underlying insurance carrier, again Reliant, was declared insolvent. The court of appeal determined that the RLI policy was "more than an umbrella policy" and that RLT was liable for "dollar one coverage." The court of appeal found that although Section II, A, 1 applied because the accident was covered by the underlying Reliant policy, Section II, A, 3 of the policy, which stated that RLI would be liable for amounts in excess of the retained limit (zero as defined by the policy) also applied. Finally, the court of appeal found that the Financial Impairment exclusion did not apply because liability attached at the retained limit of zero and was not contingent upon the insolvency of the underlying carrier. On these bases, the court of appeal decided that because the policy language was not clear or sufficiently limited to create mutually exclusive categories of coverage, the policy was ambiguous and was to be resolved against RLI, and that, as a result, RLI was liable for all losses in excess of the retained limit of zero.
In the instant case, the court of appeal reached the opposite conclusion, that the RLI policy did not "drop down" to provide dollar one coverage. Here, the court of appeal found that the three subparts of the *131 "Limits of Liability" section were separated by the word "or," which is a clear, unambiguous term, and its use made clearly alternative events. According to the court of appeal, by using the word "or," the policy described "alternative, mutually exclusive, factual situations," and was, therefore, not ambiguous.
We agree with the result reached by the court of appeal in the instant case-that the RLI policy in question does not drop down to provide dollar one coverage. While agreeing with the court of appeal that the use of the term "or" indicates mutually exclusive factual situations, we note also that the policy makes each subpart exclusive in another way. The language contained in Section II, "Limits of Liability," by use of the word "only," clearly and unambiguously indicates that subpart A, 1 applies when both the RLI policy and/or scheduled and unscheduled underlying policies provide coverage; subpart A, 2 applies when only the RLI policy and an unscheduled underlying policy provide coverage; and subpart A, 3 applies when only the RLI policy provides coverage. According to the use of the clear and unambiguous term "only," one and only one of the subparts can be applicable in any one possible factual scenario. Because subparts A, 2 and A, 3 apply only when there is no scheduled underlying insurance, which there is in this case, only subpart A, 1 can possibly apply. This conclusion is further supported by the language of the Financial Impairment provision, which declares that "[u]nder no circumstances shall [RLI] be required to drop down and replace the limits of liability of a financially impaired insurer."
RLI is liable only for the ultimate net loss in excess of the applicable limits of scheduled underlying insurance," or in excess of $1,000,000. Because Huggins has stipulated that her damages are less than $1,000,000, the trial court correctly dismissed RLI from the case.

DECREE
For the foregoing reasons, the decision of the court of appeal is affirmed.
AFFIRMED.
NOTES
[1] The Louisiana Insurance Guaranty Association Law, La. R.S. 22:1375-1394, "provides a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policy holders because of the insolvency of an insurer . . ." La. R.S. 22:1376.
[2] Huggins v. Gerry Lane Enterprises, Inc., 2005-2665 (La.App. 1st Cir.11/3/06), 950 So.2d 750.