LOLLEY, J.
|, This appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, which granted a motion for summary judgment in favor of plaintiff, State Farm Mutual Automobile Insurance Company (“State Farm”), and against defendant, Safeway Insurance Company of Louisiana (“Safeway”). Safeway appeals the judgment.
FACTS
The facts concerning this accident are undisputed. Shannon Boyd’s 2004 Ford Taurus would not start on November 27, 2012, and she left it in a parking lot. The next day, Boyd borrowed Vicki Ellis’s 2000 Chrysler 300 to take her children to daycare and go to work. While driving Ellis’s vehicle, Boyd rear-ended Hugh and Janie Green’s 2008 Dodge Ram on Hwy. 139 near the Hwy. 80 intersection in Ouachita Parish, Louisiana. Ellis and her Chrysler were insured by State Farm. Boyd and her vehicle were insured by Safeway. Boyd’s vehicle was taken to a mechanic! shop and repaired within a few days after the accident.
The Greens made a claim for damages sustained during the accident, which was paid by State Farm. Subsequently, State Farm filed this suit seeking reimbursement from Safeway for the $4,041.77 in property damages paid to the Greens, asserting that Safeway is the primary policy for coverage of the accident. Additionally the Greens filed suit, naming Boyd, Ellis, State Farm, and Safeway as defendants. These suits were later consolidated.
State Farm and Safeway filed cross motions for summary judgment' to determine which policy is primary. The trial court determined Safeway’s policy definition of a “temporary substitute- automobile” conflicted with the | ^public policy of La. R.S. 22:1296.' The trial court also determined Ellis’s vehicle qualified as a “temporary substitute motor vehicle” for Boyd as contemplated by the statute, and in doing so, concluded Safeway is the primary policy under these circumstances. Safeway appeals.
DISCUSSION
State Farm and Safeway filed cross motions for summary judgment in the trial court with State Farm prevailing. On appeal, Safeway asserts two assignments of error. First, it argues that the- trial court erred in' determining Ellis’s vehicle was a “temporary substitute automobile” as defined under Safeway’s' policy; and, second, the trial court erred in determining Safeway’s definition was in conflict with the public policy of La. R.S. 22:1296. Thus, the central issue in this appeal is whether the definition of “temporary substitute automobile” as stated in Safeway’s policy is a violation of statutory provisions and public policy. Safeway argues La. R.S. 22:1296 only requires a policy include a definition of a1 temporary substitute motor vehicle, and the Louisiana Legislature limited the extension of primary coverage “as defined by the applicable insurance policy.” Safeway maintains the legislature left the extension of coverage to teinporary substitute motor vehicles open to the freedom of contract, thereby, giving insurance companies the power to define statutorily mandated terms as narrowly as possible. We disagree.
Appellate courts review summary judgments de novo under the same criteria that govern :the district court’s consider *453 ation of whether summary judgment is appropriate. Gardner v. Craft, 48,861 (La.App.2d Cir.03/05/14), 137 So.3d 69, 74, writ denied, 2014-0711 (La.05/16/14), 139 So.3d 1029. A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)..
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts. Green ex rel. Peterson v. Johnson, 2014-0292 (La.10/15/14), 149 So.3d 766, 770. The role of the judiciary in interpreting insurance contracts is to determine the parties’ common intent. See, La. C.C. art. 2045. This analysis is begun by reviewing the words of the insurance contract; when the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent, and courts must enforce the contract as written. See, La. C.C. art. 2046; Green, supra, 771.
The determination of whether a contract is clear or ambiguous is a question of law. Sims v. Mulhearn Funeral Home, Inc., 2007-0054 (La.05/22/07), 956 So.2d 583, 589-90. If the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. Supreme Servs. & Specialty Co. v. Sonny Greer, Inc., 2006-1827 (La.05/22/07), 958 So.2d 634. It is well settled that unless a statute or public policy dictates otherwise, the insurers may limit liability and impose such reasonable Lconditions or limitations upon their insureds. Id. Equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. Kottenbrook v. Shelter Mut. Ins. Co., 46,-312 (La.App.2d Cir.05/18/11), 69 So.3d 561, 563, writ denied, 2011-1293 (La.09/23/11), 69 So.3d 1166. Any policy provision that narrows or restricts statutorily mandated coverage will not be enforced. Marcus v. Hanover Ins. Co., 1998-2040 (La.06/04/99), 740 So.2d 603. An insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Id.
Louisiana R.S. 22:1296(A), the statute applicable to temporary borrowed vehicles and rental vehicles, provides:
Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental motor vehicles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on a single • or multiple vehicles, at least one of which has comprehensive and collision or liability insurance coverage, those coverages shall apply to the temporary substitute motor vehicle, as defined in the applicable insurance policy, or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage or financial responsibility protection is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary[.]
The Safeway policy provision at issue defines “temporary substitute automobile” as:
[A]ny private passenger, utility or farm automobile, not owned by the named insured or any resident of the same household, while temporarily used as a substitute for the owned automobile *454 when the owned automobile is being serviced or repaired by a person engaged in the business of selling, repairing, or servicing motor vehicles.
(Emphasis added).
^Considering Safeway’s policy language, the trial court issued written' reasons for its decision in favor of State Farm, stating the.public policy being’ promoted by the statute is to afford a person with insurance coverage continuation of that coverage when they are placed in a situation whereby they must make use of another vehicle temporarily. In light of this expression of public policy, any definition restricting the circumstances under which coverage is extended must bear a reasonable and rational relationship to the promotion of that stated public policy.
The trial court’s reasoning, for its judgment against Safeway mirrors the rational this Court used when evaluating this same provision of Safeway’s policy in Litton v. White, 49,958 (La.App.2d Cir.07/01/15), 169 So.3d 819, reh’g denied (08/06/15), where the insured’s vehicle was disabled, necessitating he borrow his mother’s vehicle for the day. In that case, the insured caused an undisputed accident and the mother’s insurance company sued Safeway (insurer for son/driver) for reimbursement. The trial court upheld Safeway’s policy provision, dismissing the case because at the time of the accident the son’s vehicle was not being “serviced or repaired by a person engaged in ... servicing motor vehicles.” This Court reversed and remanded the case, citing minutes from the House Commerce Committee meeting to glean the legislative intent behind the statute and holding Safeway’s definition of “temporary substitute motor vehicle” impermis-sibly narrowed or restricted insurance coverage contrary to the statutory mandate.
Pursuant to the express language of La. R.S. 22:1296(A) the legislature mandated coverage be extended to “temporary substitute motor |svehicles.” The Litton court discussed the transcript of the House Commerce Committee meeting concerning the applicable statute, specifically the suggestion that the term “temporary substitute motor vehicle” be replaced with the term “rental vehicle.”[1] This suggestion was rejected; ■ ultimately; both terms were included in the mandate to extend coverage. Thus, coverage extends to both rental vehicles-and temporary substitute motor vehicles. A “temporary” vehicle is one that is used for a limited time, as opposed to a vehicle that is used permanently, and the term “substitute” connotes the replacement of one thing for another. See, Smith v. Louisiana Farm Bureau Cas. Ins. Co., 45,013 (La.App.2d Cir.04/23/10), 35 So.3d 463, 469-70, writ denied, 2010-1205 (La.09/17/10), 45 So.3d 1052.
According to Boyd’s affidavit, the day after her vehicle would not start she needed a temporary solution to replace her nonworking vehicle in order to get her children to daycare. A couple of days after the accident she had her vehicle taken to' a mechanic and repaired. Boyd acted as a reasonable person and borrowed a vehicle to temporarily replace her disabled vehicle until it could be fixed a couple of days later. It is unreasonable for Safeway to require that its insured immediately deposit a disabled vehicle in a mechanic shop before extending coverage to a temporary replacement; the temporal, logistical, and financial burdens that this places on the insured are contrary to the legislature’s intent in requiring “temporary substitute motor vehicle” be defined and coverage extended' to such. Safeway’s policy *455 definition aims to unreasonably limit the statutory 17mandate and, consequently, the policy definition violates the legislative intent behind La. R.S. 22:1296.
The Safeway policy provision at issue is in conflict with La. R.S. 22:1296; therefore, it is unnecessary to address whether ■the vehicle in question is a “temporary substitute automobile” as defined by Safeway. This provision will never extend coverage to vehicles in situations where the owner may not be in a position to have the vehicle repaired at that time, or to an owner who may prefer to perform the repairs himself.
CONCLUSION
Based on the foregoing, we conclude the trial court properly granted summary judgment in favor of State Farm Automobile Insurance Company, finding the definition of “temporary substitute automobile” by Safeway Insurance Company of Louisiana a violation of La. R.S. 22:1296. The judgment is affirmed, and all costs of this appeal aré assessed to Safeway.
AFFIRMED.

. The House Commerce Committee meeting refers to amendments to La. R.S. 22:681, which was subsequently renumbered as 22:1296.