# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 16-357


**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

**VERSUS**

**SAFEWAY INSURANCE COMPANY**
**OF LOUISIANA**


\*\*\*\*\*\*\*\*\*\*\*


**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, NO. 2013-4944-K**
**HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE**


\*\*\*\*\*\*\*\*\*\*\*


**JAMES T. GENOVESE**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*\*


Court composed of James T. Genovese, Phyllis M. Keaty, and David Kent Savoie, Judges.


**AFFIRMED.**

**Nichole Laborde Romero**
**Tracy L. Oakley**
**Holli K. Yandle**
**Angelique P. Provenzano-Walgamotte**
**W. Brett Cain**
**Post Office Box 92807**
**Lafayette, Louisiana 70509**
**200 West Congress Street, Suite 750**
**Lafayette, Louisiana  70501**
**(877) 323-8040 Ext. 2135**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Safeway Insurance Company of Louisiana**


**John Edward Ortego**
**Katherine Paine Martin**
**Gretchen Heider Mayard**
**Martin Mayard, L.L.C.**
**200 Beaullieu Drive, Building 3A**
**Post Office Box 81338**
**Lafayette, Louisiana 70598-1338**
**(337) 291-2440**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State Farm Mutual Automobile Insurance Company**

**GENOVESE, Judge.**

Defendant, Safeway Insurance Company of Louisiana (Safeway), suspensively appeals the trial court's grant of summary judgment in favor of Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), relative to automobile liability insurance coverage. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying claims in this matter arise from an automobile accident, and the facts concerning said accident are undisputed. Ryan LeGros' 1995 Honda Civic became inoperable on September 27, 2012. The next day, Mr. LeGros borrowed Louis O. Istre, Jr.'s 1995 Mercury Sable to go to work. On September 29, 2012, while driving Mr. Istre's vehicle and returning home from work, Mr. LeGros rear-ended a vehicle being driven by Sherry Benoit. State Farm provided Mr. Istre with automobile liability insurance. Safeway provided Mr. LeGros with automobile liability insurance. Mr. LeGros completed the repairs to his Honda Civic on September 30, 2012.

Ms. Benoit made a claim for damages sustained during the accident, which State Farm paid. State Farm filed a Petition for Subrogation, seeking reimbursement from Safeway for the $2,253.07 in bodily injury and property damages paid to Ms. Benoit, asserting that Safeway is the primary policy for coverage of the accident.

In its answer, Safeway denied that its policy provided primary coverage for the accident "because the 1995 Mercury Sable . . . is not considered a 'temporary substitute motor vehicle.'" The policy definition upon which Safeway relies specifies:

> **"temporary substitute automobile"** means any private passenger, utility or farm automobile, not owned by the named insured or any resident of the same household, while temporarily used as a substitute

for the owned automobile when the owned automobile is being serviced or repaired by a person engaged in the business of selling, repairing, or servicing motor vehicles.

According to Safeway, because Mr. LeGros repaired his Honda Civic rather than having it repaired by a person in the business of repairing cars,[1] the borrowed Mercury Sable does not qualify for the temporary substitute vehicle coverage mandated by La.R.S. 22:1296.

State Farm and Safeway filed cross motions for summary judgment to determine which policy is primary for coverage of the accident. The trial court ruled in favor of State Farm, finding that Safeway's policy definition of a "temporary substitute automobile" conflicts with public policy. The trial court provided oral reasons for its decision in favor of State Farm, stating, in relevant part:

> I know you are [asking] me to make a policy decision as to whether this clause is enforceable in Louisiana[,] and my response is it depends on the facts of the case as presented in Louisiana[;] and under these facts[,] what the clause is doing is penalizing poverty. If someone can't afford to take their car to the shop but can repair it themselves in a reasonable period of time, which certainly a week is, then there is a clause in the policy that says there is no coverage because you didn't take it to a repair shop. And I can see the purpose for that clause, but I think it goes against public policy. If someone is trying to repair the vehicle themselves and they paid the premium for the insurance, they shouldn't be denied coverage.

Judgment was signed January 14, 2016, denying Safeway's motion for summary judgment, granting State Farm's motion for summary judgment, and ordering Safeway to reimburse State Farm $2,253.07. Safeway suspensively appeals.

---

[1] At the summary judgment hearing, it was stipulated that Mr. LeGros' vehicle became inoperable two days before the accident and that he repaired it the day after the accident.

2

## ASSIGNMENTS OF ERROR

On appeal, Safeway submits two assignments of error for our consideration:

1.     The trial court erred in determining that the vehicle in question was a "temporary substitute vehicle" as defined under Safeway's policy.

2.     The trial court erred in determining that Safeway's definition of "temporary substitute motor vehicle" was in conflict with the public policy mandate of Louisiana Revised [Statutes] 22:1296.

## STANDARD OF REVIEW

"Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Elliott v. Cont'l Cas. Co.*, 06-1505, p. 10 (La. 2/22/07), 949 So.2d 1247, 1253 (quoting *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183).   A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).[2]

"Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment." *Bernard v. Ellis*, 11-2377, p. 9 (La. 7/2/12), 111 So.3d 995, 1002 (citing *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945).   "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve

---

[2]Louisiana Code of Civil Procedure Article 966 was amended by 2015 La. Acts No. 422, § 1, and its provisions became effective on January 1, 2016.  This matter is considered applying the provisions of the Louisiana Code of Civil Procedure as they existed at the time of the trial court's consideration. *See* 2015 La. Acts. No. 422, § 2 which states:  "The provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act."

an absurd conclusion." *Sher v. Lafayette Ins. Co.*, 07-2441, 07-2443, p. 5 (La. 4/8/08), 988 So.2d 186, 193 (quoting *Huggins v. Gerry Lane Enters., Inc.*, 06-2816, 06-2843, p. 3 (La. 5/22/07), 957 So.2d 127, 129). "Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer's liability[.]" *Id.* (quoting *Huggins*, 957 So.2d at 129).

## LAW AND DISCUSSION

At the outset, we shall consider Safeway's argument in its second assignment of error that the trial court erred in ruling that its definition of "temporary substitute automobile" violates public policy. Logically, if we find that the trial court did not err, then Safeway's first assignment of error is moot.

Louisiana Revised Statutes 22:1296(A), the statute applicable to temporary substitute vehicles and rental vehicles, provides in pertinent part:

> Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental motor vehicles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on a single or multiple vehicles, at least one of which has comprehensive and collision or liability insurance coverage, those coverages shall apply to the temporary substitute motor vehicle, as defined in the applicable insurance policy, or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage or financial responsibility protection is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary.

Safeway asserts that "[t]he clear wording of [La.R.S. 22:1296] indicates that the definition of a temporary substitute automobile shall be set forth in the applicable insurance policy and defined by the insurer." Safeway argues that its definition:

> prevents the insurer from unwittingly insuring a vehicle used as a substitute for the primary insured vehicle for an extended period of time, since professionals involved in the automotive repair business, unlike many "home mechanics," typically complete their repairs expeditiously. As such, the provision at issue allows the insurer some

4

degree of predictability regarding the nature and extent of coverage being provided under the policy.

Our colleagues on the second circuit evaluated this same provision of Safeway's policy in *State Farm Mutual Automobile Insurance Co. v. Safeway, Insurance Co.*, 50,098, 50,099 (La.App. 2 Cir. 9/30/15), 180 So.3d 450, *writ denied*, 15-2005 (La. 1/15/16), 184 So.3d 706. In that case, the insured's vehicle was inoperable, so she borrowed a vehicle to take her kids to daycare and go to work. While driving the borrowed vehicle, the insured rear-ended another vehicle. A few days after the accident, the insured's inoperable vehicle was taken to a mechanic shop and repaired. The trial court ruled that "Safeway's policy definition of a 'temporary substitute automobile' conflicted with the public policy of [La.R.S.] 22:1296." *Id.* at 452. In upholding the ruling of the trial court, the second circuit professed:

> It is unreasonable for Safeway to require that its insured immediately deposit a disabled vehicle in a mechanic shop before extending coverage to a temporary replacement; the temporal, logistical, and financial burdens that this places on the insured are contrary to the legislature's intent in requiring "temporary substitute motor vehicle" be defined and coverage extended to such.

*Id.* at 454.

In the instant case, we find that the trial court's statement in its oral reasons, "the clause . . . is penalizing poverty," mirrors the rational that our colleagues on the second circuit used in *State Farm*. Safeway cannot limit its liability using a definition that conflicts with public policy.

Based upon our de novo review of the record before us, we find that the trial court did not err in granting summary judgment in favor of State Farm, finding that Safeway's definition of "temporary substitute automobile" contravenes public policy. This finding renders Safeway's argument expressed in its first assignment of error moot.

5

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. We assess all costs to Defendant/Appellant, Safeway Insurance Company of Louisiana.

**AFFIRMED.**