Judgment rendered August 11, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,087-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SAFEWAY INSURANCE                    Appellant
COMPANY OF LOUISIANA

versus

GOVERNMENT EMPLOYEES                 Appellee
INSURANCE COMPANY

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 45-160

Honorable William R. "Rick" Warren, Judge

* * * * *

TRACY L. OAKLEY                      Counsel for Appellant
MICHAEL W. LANDRY

LAW OFFICE OF J. BRAD SMITHERMAN     Counsel for Appellee
By: J. Brad Smitherman

* * * * *

Before PITMAN, COX, and HUNTER, JJ.

**COX, J.**

This case arises from the Second Judicial Court of Bienville Parish. The plaintiff, Safeway Insurance Company of Louisiana ("Safeway"), appeals a motion for summary judgment granted in favor of defendants, Government Employees Insurance Company ("GEICO"), finding that Safeway's policy provided primary coverage. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

## FACTS

The facts of this case are undisputed. On May 13, 2018, at approximately 3:24 p.m., a two-vehicle accident occurred on LA Highway 14 in Bienville Parish. While Shawn Alford ("Alford") was driving Alexis Bradley's ("Bradley") 2006 Nissan Titan, the rear driver-side tire and rim detached from the vehicle and rolled into oncoming traffic, injuring a third-party driver, Johnell Gray ("Gray"). Alford was using Bradley's vehicle with her permission. At the time of the accident, Bradley's vehicle was insured by Safeway, which provided $15,000 in bodily injury coverage. Alford, however, was a named insured under GEICO's automobile policy, which provided a $30,000 bodily injury policy limit.

Safeway settled Gray's claim for damages out of court for the sum of $8,303. Safeway then filed suit against GEICO for subrogation for the total settlement amount paid, asserting that GEICO, as the insurer for the driver, had primary liability for the coverage of the accident. Alternatively, Safeway asserted that because both policies contained "other insurance" clauses, both Safeway and GEICO were co-primary insurers, each proportionately responsible for their share of the settlement amount. GEICO filed a motion

for summary judgment, arguing that it was not liable to Safeway for the settlement. GEICO asserted that the "other insurance" clauses contained within each policy were easily reconciled.

Specifically, GEICO argued that under Safeway's "other insurance" clause, Safeway's coverage is considered excess to any other insurance which would also cover the insured's liability for the damages. However, GEICO noted that in contrast, its own "other insurance" clause specified that when the vehicle in question is considered a non-owned vehicle under the insured's policy, its liability for any damages sustained is considered excess coverage. Therefore, GEICO argued that Safeway had the primary policy on the owned vehicle and its policy provided only excess coverage such that no contribution was owed.

On December 1, 2020, Judge Teat granted GEICO's motion. The written judgment was submitted and signed on February 8, 2021, by Judge Rick Warren dismissing all claims and demands against GEICO with prejudice and certifying the judgment as final for purposes of immediate appeal.

## DISCUSSION

When reviewing summary judgments on appeal, an appellate court reviews a trial court's granting of summary judgment *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880. Generally, with respect to coverage for temporary substitute vehicles, courts enforce the

2

provisions of La. R.S. 22:1296 and find the insurer for driver of the vehicle liable, *See*, *Litton v. White*, 49,958 (La. App. 2 Cir. 7/1/15), 169 So. 3d 819; cites *Safeway Ins. Co. of La. v. State Farm Mut. Auto. Ins. Co.*, 36,853 (La. App. 2 Cir. 3/5/2003), 839 So. 2d 1022; with respect to non-owned classified cars, the specific provisions of the insurance policy apply. *See Shelter Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 07-0163 (La. App. 1 Cir. 7/18/08), 993 So. 2d 236.

On appeal, Safeway argues that the trial court erred in granting GEICO's motion for summary judgment because GEICO, as the insurer for Alford, maintained primary liability for the damages sustained and is therefore liable in full to Safeway for the settlement amount paid. Alternatively, Safeway argues that each insurer should be considered a co-primary insurer for the accident and each insurance company bears proportionate liability[1] for the sum paid, predicated on their respective coverages because the "other insurance" clauses contained within the two policies are mutually repugnant.

In support, Safeway first cites *Safeway v. State Farm*, *supra,* in which this court found that State Farm, the insurer of the driver who operated a borrowed vehicle while their covered vehicle was under repair, rather than Safeway, the insurer of the borrowed vehicle, provided primary liability coverage for the damages sustained in the pedestrian accident. Safeway

---

[1] From the total amount of coverage provided between the two insurance companies, Safeway argues that as a co-primary insurer, its proportionate share would be 1/3 and GEICO's would be 2/3 of the $8,303. Therefore, GEICO's liability to Safeway would total $5,535.33.

likewise contends that GEICO, because of its status as the driver's insurer, is primarily liable for the damages sustained in the present case.

We note that the decision rendered in *Safeway v. State Farm*, *supra*, was based, in part, upon the vehicle's classification as a temporary substitute vehicle. Under La. R.S. 22:1406(F), now designated as La. R.S. 22:1296,[2] which governs the use of temporary substitute vehicles, this court determined that the driver's insurer was primarily liable. However, in the present case, there are not enough facts in the record to determine whether the 2006 Nissan Titan is considered a temporary substitute vehicle, whereby the provisions of La. R.S. 22:1296 would apply, or simply a non-owned vehicle, in which the interpretation of the two "other insurance" clauses within each policy would govern.

Although GEICO argues that the vehicle is a non-owned automobile because it is not listed or insured under Alford's policy,[3] we nevertheless find that there is insufficient information to determine if the vehicle would be classified a temporary substitute vehicle. Because of the limited facts of this contained in this record, we are unable to determine which application of the law would apply. Moreover, after our reading and review of the two insurance policies, we conclude that the policies create a genuine issue of

---

[2] La. R.S. 22:1296, in pertinent part, provides: [e]very approved insurance company, reciprocal or exchange, writing automobile liability. . . shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy. . .Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle. *Such insurance shall be primary*. However, if other automobile insurance coverage is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. . . (Emphasis added).

[3] In brief, GEICO provided that it was uncontested that the 2006 Nissan Titan was non-owned under its policy; however, there is no stipulation between the parties that the vehicle is simply non-owned and not a temporary substitute vehicle.

4

material fact as to the classification of the vehicle because under La. R.S. 22:1296, a temporary substitute vehicle is defined in accordance with the insurer's policy. *Litton*, *supra*; *State Farm Auto. Mut. Ins. Co., v. Safeway Ins. Co. of Louisiana*, 16-357 (La. App. 3 Cir. 11/2/16), 205 So. 3d 981.

Safeway's policy defines a ***temporary substitute automobile*** as follows:

> [A]ny private passenger, utility or farm automobile, not owned by the named insurer or any resident of the same household, while temporarily used as a substitute for the owned automobile when the owned automobile is being serviced or repaired by a person engaged in the business of selling, repairing, or servicing motor vehicles.

It further defines a ***non-owned automobile*** as:

> [A] private passenger or utility automobile not owned by or furnished for the regular use of either the named insured or any relative other than a temporary substitute automobile.

In contrast, GEICO's policy provides that a ***temporary substitute automobile*** is:

> [A]n auto or trailer, not owned by you, temporarily used with the permission of the owner. This vehicle must be used as a substitute for your covered auto or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction.

It further provides that a ***non-owed vehicle*** is:

> [A] private passenger auto or trailer not owned by or furnished for regular use of either you or a family member, other than a temporary substitute auto. An auto rented or leased for more than 30 days will be considered as furnished for your regular use.

Based upon our *de novo* review of the record before us, we find that there are simply not enough facts before the court to permit the disposition of this case by summary judgment. Neither party, in brief or oral argument, attests to whether the 2006 Nissan Titan is a temporary substitute vehicle, nor

are there any further details in the record which indicate the reason for which Alford borrowed Bradley's vehicle. Therefore, we find that the classification of the vehicle is pertinent in first determining whether the provisions of La. R.S. 22:1296 are applicable, or whether an interpretation of the insurers' respective policies with regard to the "other insurance" clauses should be conducted instead.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is reversed and this case is remanded for further proceedings. Costs associated with this appeal are assigned to Safeway.

**REVERSED and REMANDED.**